And we'll move to our third case this morning the United States against Tyree White. Miss Christensen. Good morning. Good morning. Thank you, Your Honor. May it My name is Joanna Christensen and I represent the appellant Tyree White in this case. There are three plain errors in this case. The government has conceded that two of them are plain and are errors. Given that concession and the third error, remand for resentencing is appropriate here because there's no evidence in the record the district court would have imposed the same sentence. The first error is the statutory maximum on count two. Mr. White and everyone else involved in the district court believe that stat max was 25 years. In fact, it was five. The government concedes that it was a 371 charge. Without that error, the highest stat max for all of these was 20 years. And of course, they could be stacked, but it would be highly unusual. This is plain error because the statutory range is anchoring just like the guideline ranges. This court has sent cases back for both Palladino remands and full remands where the district court has misunderstood the statutory range to determine whether that would have made a difference in the court's sentence. The other error, the error that we're still arguing about, is the physical restraint on count two. Also count two. The government has conceded the physical restraint enhancement is inappropriate on count three. It's count two that remains as far as the legal error in this case. This court talks about physical restraint not being psychological restraint. In other words, there must be a physical component to the restraint. Now in count two, Mr. White's conspirator did physically touch the bank manager and move him to a different room. This court has not dealt with that issue specifically after Herman, but other circuits have and have concluded that that's not enough, that the physical touch, even moving from one room to another, is not physical restraint. Well, it's more than a touch, right? I mean, he grabbed the teller's shirt and basically yanked him to a different position. Correct. And that's similar and not quite as serious as the Bell case from, I believe, the Third Circuit, where they actually grabbed the person's shirt and shoved them to the ground and pointed a firearm at them, which also happened in this case. In our case, the physical contact was momentary. They moved him to the lobby of the bank. It's a little unclear from the record exactly what happened after that, but the assumption is that the bank robbery occurred. They got the proceeds. They essentially moved him, the bank manager, from one location within the bank to the place where the proceeds of the robbery is, which is part and parcel to a Third Circuit's analysis in this case. But given all the, you know, the parties spend a lot of time and cite various cases that go one way or the other with regard to that issue, but the standard of review here is plain error, right? Yes. And so, can you explain why the application of enhancement on count two was clearly or obviously erroneous? Well, the error was obvious because of the Herman case and then the manner in which Herman has been applied in other circuits. Herman certainly did not involve any physical touch, but it was very similar as far as physical restraint. And this court held that that was not physical restraint, pointing a gun at someone, which also happened in our case, and ordering them not to move. The difference is they pointed a gun and ordered him to move. And physical restraint means some sort of sustained failure or a bar to movement. And that's been what has kind of gone throughout these cases. The issue may be further that whether it's affected Mr. White's substantial rights, certainly, because we are under plain error. And the argument for that is that with all of these errors in this case, none of them recognized by any of the parties involved should impact Mr. White's and could have impacted the district court's decision on an appropriate sentence. The court didn't say if the guidelines were different I would still impose the same sentence. The court didn't say if the statutory range was different, I would have imposed the same sentence. So here we just don't know, given the severity of the errors, including the physical restraint, which I think is an important enhancement. It's an important factor when you're considering the seriousness of the offense. And more importantly, that Mr. White himself was removed from any conduct inside because he was a conspirator. He was on the outside. So he was not personally doing it. And I understand he can be held accountable for his co-conspirator's actions, but he wasn't personally doing the physical restraining in this case. I think that removing the enhancement doesn't affect the guidelines range. For both of the enhancements it does. Just one it wouldn't. So removing one enhancement would not change the guideline range. Removing both of them would because of the way the grouping rules work. And that calculation is, I believe it's in my reply brief. Yeah, that's obscure to me, the whole grouping thing. Well, Your Honor, it seems obscure to argue there shouldn't be four levels in this case, but it really means there's just one level that makes a difference. So I think that the obscurity of those grouping rules is also an important thing here. But the government and I agree that in order to get a guideline reduction, the range reduction, we have to prevail on both enhancements. Well, one is conceded. Right, one is conceded. Unfortunately, with just that one, that wouldn't change the guideline range. But again, I circle back to the fact that we also have a statutory range problem here. How did that happen? I was not trial counsel. I don't know how that happens. Well, I do. When the government charges a conspiracy because I think drug conspiracies and other statutes that have conspiracy as part of them are the same statutory maximum as the underlying offense. But when you have a statute that doesn't have a conspiracy, you have to go to 371, which has a stat max of five years. But this could have been charged as a substantive offense against your client based on an eight or better theory. And the substantive offense was factually satisfied here, and that would have been the 25-year felony. That's not how it was charged. Right. And again, I don't know. Obviously, charging is not my ballgame, as it were. Right. But as a factual matter, this was a 25-year offense. It was a completed bank robbery. I believe so. It just doesn't happen to be what he was charged with and what he pled guilty to. And that is the highest statutory maximum in this case. All others were 20. And in Curry and Elder, those differences in statutory ranges made a difference, and the court remanded. I believe those were both Palladino remands, but still a remand to see if the district court would have imposed a different sentence. And absent a full remand, we think that a Palladino remand would be appropriate. And those cases dealt with statutory minimums, right, as opposed to statutory maximums? Yes. And in those cases, I don't know if there's much of a difference, statutory minimums, statutory maximums, because in Elder, the sentence was significantly higher than the statutory minimum. Now, in Curry, it was just one month higher, so maybe that did make a difference. But the result was, because the district court didn't say, I'd give the same sentence regardless of the statutory range. That was the impetus for the Palladino remand. And whose burden is it in this case to show that the district court might have or could have entered a different sentence if it had decided differently? Well, I think it is, because we're on plain error, it would be our burden. But where there's no evidence in the record that the court would have imposed the same sentence, I think that we have shown that there's a burden that that affected Mr. White's substantial rights, because we just don't know. In a case where we just don't know what the district court would have done, I mean, the court clearly thought that the set max of 25 years and the guideline range was correctly calculated. So I think given the fact that all parties were in the dark about these issues, that probably weighs in our favor. And how do you deal with Gray? So Gray was involving 5G 1.2D, which doesn't apply in this case. I don't think I made that clear in my reply brief. It doesn't apply at all, because that subsection applies where the guideline range is higher than any statutory or the highest statutory maximum. And in this case, that wasn't the case. Gray had statutory maximums that were lower than the guidelines range. In addition, it didn't make a difference in Gray, because the mandatory guidelines at the time would have instructed the court to impose a consecutive sentence to reach the guideline range. But since Gray, the court has issued orders that seem to at least give some credence to the rule in Gray, right? I think so. But I think if we look at Gray, it's based on the mandatory nature of that subsection of the guidelines. And more often, I think we are seeing something like a Palladino remand or a limited remand to ask the district court, would you have given a different sentence? And that answer could be no, and frequently was after Booker. But occasionally with the I think if there's a good chance, the answer would be, yes, I would have given him a different sentence. So unless the court has further questions, I see I'm out of time. So thank you, Your Honors. Thank you. Mr. Blackett. Good morning, Your Honors. Peter Blackett on behalf of the United States. We're here on two issues, the first being, count to the statutory maximum. This has been stated. The United States, as well as defense, probation, the district court, they believe that, we believe that the statutory maximum was 25 years, when in fact it was five years. I believe the mistake occurred applying the statutory maximum under 2113, which is just the substantive bank armed bank robbery, when in this case we had a conspiracy to commit bank robbery. Unlike a Hobbs Act, which has a conspiracy in the statute, you have to go to 371 to apply the conspiracy on a bank robbery, which is what takes it to a five year statutory maximum. Why would the government charge a five year conspiracy, instead of the substantive bank robbery count, standing alone with an aider and abetter theory? And Your Honor, I was not the lead attorney on this case. I would have charged it 2113D with section two, as aiding and abetting. Then you get the full 25 years. Then you get the full 25 years. However, that's not how it was charged. It was charged with under 371, which gets you to the zero to five. So, that is why, I believe that is why the mistake occurred. The question being the plain error standard, I believe that Gray, not only, while it's not as predictable when the guidelines are not mandatory, I still believe that that was about plain error applied to a multiple count case, where the combined statutory maximum, if you run the sentences consecutive, is still 65 years. But there was no discretion but to run those sentences consecutive, because that was a pre-Booker case. I don't know that that has any relevance post-Booker, when we're talking about everything being discretionary. Yes, Your Honor. And that case has been cited in the Eighth Circuit recently, well, 2012, which was post-Booker, where they found that... Drive-by citations. I understand, Your Honor. But one of the questions that is coming up is, how do we know what the court would have done? If you look at the sentencing transcript, page 26 of it, when the court announces a sentence, it seems to be very much focused on the guideline range. It says that the high end of the guideline range is not appropriate based on Mr. White's background, but the low end of the range is inappropriate because the co-conspirators used firearms. So therefore, they came to a sentence in the middle of the guideline range, which was 108 months, counts 1 through 4, running concurrently. So I do believe that that was the focus of the court, applying the 3553A factors and using the guideline range to determine what the court believed to be an appropriate sentence. So I do believe that that was discussed by the court, and I think that was the driving factor behind how it came to a 108-month sentence. The other issue that came up is the physical restraint. On count 2, what is occurring is the bank manager is in his office. He is getting taken by his shirt at gunpoint by a juvenile and walked to the front where the tellers are. Herman describes physical restraint as depriving a person of the freedom of their physical movement. So under a plain error standard, is it plain error that the court, the government, and the defense believe that that physical restraint applied? The victim in this case doesn't have freedom of movement. You're being held at gunpoint physically, taken from the manager's office to the front of the bank. I don't believe that that is a plain error. That is, if you're looking again at the guideline commentary, one of the examples the background section gives is forcing a person to accompany the defendant to another location. Obviously that is what has occurred. In Herman, there is no physical contact, but in this case we do have physical contact, which again is why we believe that under the plain error standard that that is not a plain error that you're being physically moved from one location to the other. If we disagree on the interpretation of the guideline as applied in this case, or the restraint enhancement, and conclude that the defendant is right, it should not have been a miscalculated guidelines range? That is correct, Your Honor. So the government is conceding that? Yes, so I know the court has indicated that it's not clear when you're using the actual guideline book, but when you're doing the combining, you actually end up with a different guideline range. What would that range be without both of these enhancements? Because you're conceding that count 2 enhancement was wrongly applied. Your Honor, I believe that he would be a final offense level of 26, category 3, guideline range 78-97. That is how I did the calculation, Your Honor. 78-97, so the 108 month sentence, which was in the middle of the other guidelines range. Would be above it, Your Honor. And if there's no further questions, thank you. Ms. Christensen, anything further? I think your time had expired, but you can have a minute in rebuttal. On page 31 of my opening, I'm sorry, on page 31 of my opening brief is where I did the calculations with the grouping rules. So I do have a comment to make about moving to another location. That's actually not physical restraint under the guidelines. That's abduction, which is a four level increase. So the guidelines delineate between abduction and physical restraint. The movement to another location is not physical restraint. The binding, tying up, and closing, that's physical restraint. And that's kind of the basis of where these cases are splitting down the middle. So the court did focus on the guideline range in its reasons for the sentence. But that, of course, supports our argument that the statutory range would have made a difference. Now, whether he could have been charged with a 25 year stat max offense is really kind of water under the bridge, since he wasn't. But the court's focus on the guideline range means that even thinking there are two levels that should be gone, the government has conceded, perhaps another two levels, which of course only results in one level. But that's enough to send this back to the district court for resentencing. Thank you, Your Honors. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement.